## WARNER & PENNEY *v.* CHAS. F. PORTER.

### (No. 6,218.)

1. Whether the right of property or right of possession in goods, passes from vendor to vendee, depends upon the intention and agreement of parties.
2. The actual possession of goods may be with the vendee for various purposes, while the right of possession still remains in the vendor.

SPECIAL TERM.—Action of replevin. The rights of the parties depend upon considerations connected with a contract for the sale of a quantity of butter, made between the present plaintiffs and E. Brown & Son, under whom the defendant claims, as a mortgagee or assignee.

It is claimed, on the one side, and denied on the other, that, under the circumstances attending the contract of sale, the title to the butter became so vested in E. Brown & Son, that they might confer a title on the defendant.

*Coffin & Mitchell*, for plaintiffs.

*Lincoln, Smith & Warnock*, for defendant.

GHOLSON, J. There is a distinction to be kept in mind between the right of property and the right of possession. 10 E. C. L. 479; 8 Bing. N. C. 541–551. A right of property may so work that the risk of a loss of the goods is thrown on the vendee, and yet he may not have the right of possession as against the claim of the vendor for the price. Circumstances affecting the vesting a right of property, and those affecting the vesting a right of possession, should be distinguished. The one class are usually considered in reference to the question upon whom a loss shall fall when the goods have been destroyed; the other class, in reference to the payment of the price. It may happen that, in the same case, there are circumstances in reference to both, but in their examination the distinction should be kept in view.

In the present case, the circumstance claimed to exist, that there was to be a weighing of a part of the barrels and kegs containing the butter, after emptying them for the purpose, so as to make a proper deduction for tare and soakage, and thus fix the exact amount to be paid, affects the question of the vesting a right of property, and must be examined in view of the rules in such cases.

The general rule as to acts to be done to ascertain the price or quantity, is well understood, and has been frequently stated. 13 Pick. 183; 20 Pick. 283; 7 Dana, 59; 7 Ohio, Pt. 2d, 127. Such acts may or may not, according to the intention of the parties, as expressed by other acts, prevent the vesting of the property in the vendee. A consideration of the cases and distinctions established on this

subject, would render it very questionable whether, had the sale in this case been a sale on a credit, the right of property did not vest in the vendee. If, on the day after the delivery of the butter into the actual possession of E. Brown & Son, it had been destroyed, they remaining solvent and able to pay- and there having been no presentment of the bill for pay, ment, the vendors would regard it as a very hard measure of justice to be denied a right to the price. The case of ; *Ward* v. *Shaw*, 7 Wend. 404, relied on by counsel, presents these distinguishing circumstances; the sale there was for cash, and the *purpose* of the delivery was to ascertain the price. It may be said of this case, and also of another in the same State, 14 Wend. 31, *Andrew* v. *Dieterich*, that the real objection to the completeness of the sale, was, that the identity of the thing sold was not ascertained. Where, by the contract itself, the vendor appropriates to the vendee a specific chattel, and the latter thereby agrees to take it, even the omission to fix the price might not prevent the vesting of the property. 27 E. C. L. 92, *Dixon* v. *Yates;* 13 id. 200, *Tarling* v. *Baxter;* 6 Moore, P. C. 116–132, *Logan* v. *Le Mesurier.*

The next question is as to the right of possession. Was there a sale on a credit? Did the vendors lose that right in respect of the price, growing out of their original ownership and dominion, and which makes the payment or tender of the price a condition precedent on the part of a vendee to the obtaining a right of possession? 10 Eng. Com. Law, 480. It is clear that there may be an actual possession obtained without conferring the right of possession. The latter may still depend on the performance of a condition precedent. 2 B. & Ald. 329, *Hornblower* v. *Proud;* 2 B. & Ad. 932, *Brandt* v. *Bowlby.* Whether the actual delivery or possession be subject to such a condition, will depend on the intention of the parties. It will make the transaction rather a contract for a sale than an actual sale, and may, until the condition be performed or waived, create a relation of bailment in respect of the possession. Meigs Rep. 281; 2 Hill, 326; 1 Barr, 190. In my opinion such contracts of sale as the present, and others, when

it is said payment is not called for until a day or two elapses after an actual delivery, but which are considered as cash sales, are governed by this rule.   It is of the very nature of a cash sale, that the vendee is not to have the article sold unless the price be paid.   Any possession obtained by a vendee under such a contract of sale must, necessarily, be subject to the condition of paying the price.   I think, in the present case, it was not the intention of one party to part with, or of the other to obtain, the article which was the subject of the contract without payment of the price.   It may be that, from courtesy or the course of dealing, it was not expected that the act of delivery and the act of payment were to be at the same time, but the goods were not absolutely delivered, and there was no intention to give credit. It was substantially a cash sale, and so intended by both parties.

As between the parties, therefore, the right of possession did not pass, and on the refusal to pay, the vendors might retake their goods.   It has been supposed that, in such a case, the rule *caveat emptor* applies, and a purchaser from the vendee can not hold against the prior title of the vendor. 3 Fairf. 341, *Tibbets* v. *Towle;* Meigs R. 281.   But it is certainly clear that only a *bona fide* purchaser, for a valuable consideration, could make a valid claim.   1 Barr, 190; 7 Wend. 405; 4 Mass. 404.   It would probably be found that, not only in such a case should value be paid, without notice, but the goods must be obtained in the usual course of business, or rather, in the ordinary way of buying and selling such goods. Tested, however, by any of the rules now established on the subject, at least, in this State, the claim of the defendant, who took a mortgage or assignment of a whole stock of goods to secure debts and liabilities, can not be sustained. He must be considered as taking the title and right which E. Brown & Son had, and no more.   He took *cum onere.*   He might have got the butter by paying for it, and not otherwise.

There will be a finding for the plaintiffs.